UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ALLIXZANDER D HARRIS,

               Petitioner,

v.

STATE OF WASHINGTON,

               Respondent.

Case No. C20-5092-RBL-TLF

REPORT AND RECOMMENDATION

Noted for March 13, 2020

    The District Court referred this action, filed pursuant to 28 U.S.C. § 2254, to United States Magistrate Theresa L. Fricke. Presently before the Court is petitioner's "Motion to Withdraw Civil Action" wherein petitioner requests this case be "withdraw[n]." Dkt. 3. After review of the record, the undersigned recommends that petitioner's motion (Dkt. 3) be granted and this case be dismissed without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

**I.**    **Background**

    On February 2, 2020, petitioner filed his proposed petition. Dkt. 1. On February 5, 2020, the Clerk issued a letter notifying petitioner that he must submit the filing fee or an application for in forma pauperis on or before March 6, 2020. Dkt. 2. On February 18, 2020, petitioner filed this motion. Dkt. 3. Respondent has not been served with the petition.

REPORT AND RECOMMENDATION - 1

## II. Discussion

Federal Rule of Civil Procedure 41 sets forth the circumstances under which an action may be dismissed. Under Rule 41(a)(1), an action may be voluntarily dismissed without prejudice by a plaintiff if the plaintiff files a notice of dismissal before the defendant files an answer or summary judgment motion and the plaintiff has not previously dismissed an action "based on or including the same claim." Fed.R.Civ.P. 41(a)(1); *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997). Once the defendant has responded to the complaint, the action may only be dismissed by stipulation of dismissal signed by all parties who have appeared or "by court order, on terms that the court considers proper." Fed.R.Civ.P. 41(a)(1), (2).

Courts have held Rule 41 applies to § 2254 cases. *See Orozco v. California Dep't of Corr.*, 2017 WL 6626637, at *4 (C.D. Cal. Dec. 28, 2017) (applying Rule 41 to a § 2254 action); *Clark v. Tansy*, 13 F.3d 1407, 1411 (10th Cir. 1993) (applying Rule 41 to a petitioner's request for voluntary dismissal of his habeas petition); *Williams v. Clarke*, 82 F.3d 270, 273 (8th Cir. 1996) ("a Rule 41(a)(1) voluntary dismissal is both appropriate and consistent with the rules governing habeas cases").

The Court has not directed service of the petition in this case. Therefore, petitioner requested the dismissal prior to respondent filing an answer or summary judgment motion. The Court also finds petitioner has not previously dismissed an action based on the same claim. Therefore, the Court finds petitioner's motion (Dkt. 3) should be granted pursuant to Rule 41(a)(1).

REPORT AND RECOMMENDATION - 2

### III. Conclusion

For the foregoing reasons, the Court recommends the petitioner's "Motion to Withdraw Civil Action" be GRANTED and the petition be dismissed without prejudice and this case be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the petitioner shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on March 13, 2020 as noted in the caption.

Dated this 24th day of February, 2020.

Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3